UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES T. COLEMAN, ET AL                    CIVIL ACTION

VERSUS                                       NO:  19-10707

AFFORDABLE CARE, LLC ET AL                   SECTION: "S" (3)

### ORDER AND REASONS

IT IS HEREBY ORDERED that the **Motion to Dismiss** filed by defendants, ACI

Group Holdings, Inc., Affordable Care, LLC, John A. Faller, and John A. Faller, DDS (Rec.

Doc. 46) is **DENIED, the Motion to Compel Arbitration** is **GRANTED**, and this matter is

**STAYED** pending the arbitration;

IT IS FURTHER ORDERED that the **Motion to Strike Reply** filed by plaintiffs (Rec.

Doc. 51) is **DENIED**.

### BACKGROUND

This matter is before the court on a motion to compel arbitration filed by defendants, ACI

Group Holdings, Inc., Affordable Care, LLC, John A. Faller, and John A. Faller, DDS

(collectively, "defendants"). Defendants argue that the dispute in this matter stems from the

parties' contract, which contains a binding arbitration clause, and therefore the matter should be

dismissed as premature and the parties compelled to arbitrate.

On June 1, 2013, Affordable Care, LLC and Dr. Charles Coleman, DMD entered into a

Lease Agreement through which Coleman leased a dental office in Covington, Louisiana.

Contemporaneously, the parties entered into a Management Services Agreement ("MSA"). The

lease specified that "[t]ermination of the MSA will result in automatic termination of [the]

lease." When the MSA terminated on November 21, 2016, Affordable Care terminated the lease

by providing Coleman with a notice to vacate. After Coleman refused to comply, Affordable

Care filed a Petition for Eviction in the 22nd Judicial District Court for the Parish of St.

Tammany. The parties ultimately entered a stipulation in which Coleman agreed to vacate the

property.

On November 21, 2017, Coleman filed suit in this court against Affordable Care, LLC

and Faller, alleging inter alia, claims for illegal eviction and breach of contract. Civ. Action No.

17-13105. The case was dismissed for lack of subject matter jurisdiction due to a lack of

diversity. While Coleman had amended his complaint to add RICO claims to create federal

question jurisdiction, the court, noting that a jurisdictional defect cannot be remedied by

asserting a cause of action to serve as a statutory basis for federal question jurisdiction,

dismissed the matter. Coleman v. Affordable Care Inc., No. CV 17-13015, 2018 WL 1620977, at

*2 (E.D. La. Apr. 4, 2018) (internal quotations and citations omitted).

On April 25, 2018, Coleman again filed suit against defendants in state court. The state

court sustained the defendants' exception of prematurity based on the arbitration clause, referred

all contractually-related claims to arbitration, and stayed any claims not eligible for arbitration.

Coleman responded by filing a new petition in state court alleging claims for wrongful eviction,

breach of contract, violation of the Louisiana Unfair Trade Practices Act, Adhesion, and Civil

RICO. On the basis of the federal RICO claims, this matter was removed to this court on May

24, 2019, and transferred to the undersigned as a collateral proceeding to Coleman's prior case.

2

In the instant motion, defendants seek enforcement of the arbitration clause contained in the MSA in the same fashion as they did in the parallel state court suit. The arbitration clause provides:

> (D) ARBITRATION. Any controversy or dispute between the Manager and the PC or its shareholder(s) with respect to the application or interpretation of the terms of this Agreement, except failure of the PC to pay compensation to the Manager, will be settled by arbitration in Raleigh, North Carolina in accordance with the then existing rules of the American Arbitration Association applicable to commercial arbitration.

Rec. Doc. 6-1, p. #.  Plaintiffs oppose, arguing that the arbitration clause is unenforceable because ACI Group Holdings, Inc. has waived arbitration, and plaintiffs' causes of action for wrongful eviction and violation of the Louisiana Unfair Trade Practices Act ("LUTPA") are outside of the scope of the MSA, and thus not subject to the arbitration provision.

Plaintiffs have also filed a motion to strike the defendants' Reply to their Opposition Memorandum; defendants oppose that motion.

## DISCUSSION

### I. Motion to Dismiss and Compel Arbitration

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., "embodies the national policy favoring arbitration." Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 443 (2006). The FAA provides that an arbitration agreement is "valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A party to an arbitration agreement "may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." Id. at § 4. "Upon

being satisfied that the issue involved in [a] suit or proceeding is referable to arbitration under such an agreement, [the court] shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." Id. at § 3.

In determining whether a party should be compelled to arbitrate, a court must first determine if there is a valid agreement to arbitrate the claims. Klein v. Nabors Drilling USA L.P., 710 F.3d 234, 236 (5th Cir. 2013). Second, the court must decide if the dispute in question falls within the scope of that arbitration agreement. Id. In this case, plaintiffs do not dispute the existence of a valid arbitration agreement; rather, they contend defendants waived the agreement, and that some of the claims are outside of the scope of arbitration agreement.

## A. Defendants did not Waive the Arbitration Agreement

" 'A party waives arbitration by seeking a decision on the merits before attempting to arbitrate.' " In re Mirant Corp., 613 F.3d 584, 588 (5th Cir. 2010) (quoting Petroleum Pipe Ams. Corp. v. Jindal Saw, Ltd., 575 F.3d 476, 480 (5th Cir. 2009)). "Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." Id. "To invoke the judicial process, a 'party must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration.' " Id. at 589 (quoting Subway Equip. Leasing Corp. v. Forte, 169 F.3d 324, 329 (5th Cir.1999))."There is a strong presumption against finding a waiver of arbitration, and the party claiming that the right to arbitrate has been waived bears a heavy burden." Id. at 588.

Plaintiffs contend that by filing an answer and request for a jury trial, defendants

substantially invoked the judicial process. Plaintiffs further argue that by "wasting two years from the date of removal" defendants have evidenced an intent to invoke the judicial process instead of arbitration.

The court disagrees. Defendant has never sought a decision on the merits in this action. Defendants first raised the exception of prematurity based on the arbitration agreement in state court on July 13, 2018, ultimately receiving a judgment enforcing the arbitration agreement on October 12, 2018 in the state proceeding. Despite this order two and half years ago, plaintiffs have never initiated arbitration proceedings. Defendants' filing of an answer to prevent default in the re-litigation of this matter is not a substantial invocation of the judicial process, but a common sense protection of their rights. Further, the two-year delay since removal was the result of plaintiffs' failure to obtain service on the parties. Accordingly, the court finds that defendants did not waive the arbitration agreement.

### B. Dispute Falls within the Scope of the Arbitration Agreement

With respect to whether a dispute falls within the scope of an arbitration agreement, the court applies the strong federal policy in favor of arbitration and "any disputes concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 103 S. Ct. 927, 941 (1983).  "[A]rbitration should not be denied unless it can be said with positive assurance that [the] arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." Safer v. Nelson Fin. Grp., Inc., 422 F.3d 289, 294 (5th Cir. 2005) (quotation omitted).

The United States Court of Appeals for the Fifth Circuit distinguishes between broad and

narrow arbitration clauses:

> If the clause is broad, the action should be stayed and the arbitrators permitted to
> decide whether the dispute falls within the clause. On the other hand, if the clause
> is narrow, the matter should not be referred to arbitration or the action stayed,
> unless the court determines that the dispute falls within the clause.

Complaint of Hornbeck Offshore (1984) Corp., 981 F.2d 752, 754 (5th Cir. 1993).  "A broad

arbitration agreement is capable of expansive reach, intended to cover all aspect of the

relationship [such that] a dispute then need only touch matters covered by the agreement in order

to compel arbitration." Grant v. Houser, 469 Fed. Appx. 310, 315-16 (5th Cir. 2012) (quotations

omitted). An arbitration agreement stating that it applies to "any dispute" between the parties is

broad. Id. at 316.

The arbitration agreement at issue herein is broad. It states that it applies to any dispute,

except failure of Coleman to pay compensation to Affordable Care, Inc. Coleman contends that

the claims for wrongful eviction and violation of LUTPA are outside the scope of the arbitration

agreement. However, a review of the allegations related to those claims reflects that they appear

to relate to the interpretation of the MSA. Because the clause in this case is broad, the action

should be stayed and the arbitrators permitted to decide whether those facets of the dispute fall

within the clause.

## II. Motion to Strike Reply

Plaintiffs have moved to strike defendants' reply memorandum, arguing that reply

memoranda many only be filed with leave of court. Defendants sought and received leave of

court to file the reply. Accordingly, the motion to strike is denied. Accordingly,

**IT IS HEREBY ORDERED** that the **Motion to Dismiss** filed by defendants, ACI Group Holdings, Inc., Affordable Care, LLC, John A. Faller, and John A. Faller, DDS (Rec. Doc. 46) is **DENIED, the Motion to Compel Arbitration** is **GRANTED**, and this matter is **STAYED** pending the arbitration;

**IT IS FURTHER ORDERED** that the **Motion to Strike Reply** filed by plaintiffs (Rec. Doc. 51) is **DENIED**.

New Orleans, Louisiana, this ___21st___ day of May, 2021.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**