UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHARLES T. COLEMAN, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 19-10707 |
| AFFORDABLE HEALTH CARE, LLC, ET AL. | * | SECTION "S" (2) |

### ORDER AND REASONS

Pending before me is a Motion for Attorneys' Fees, or alternatively, Motion to Intervene filed by non-parties Veleka Eskinde and Charles R. Jones. ECF No. 66. Defendant ACI Group Holdings, Inc. ("ACI") and Plaintiff Charles T. Coleman, DMD filed Opposition Memoranda. ECF Nos. 67, 68. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Movants' Motion for Motion for Attorneys' Fees, or alternatively, Motion to Intervene is GRANTED IN PART AND DENIED IN PART as stated and for the reasons herein.

## I.    BACKGROUND

On June 1, 2013, Defendant Affordable Care, LLC ("Affordable Care") and Plaintiffs Charles T. Coleman and Charles T. Coleman, DMD, (collectively, "Coleman") entered into a Management Services Agreement ("MSA") and Lease Agreement for a dental office in Covington, Louisiana. ECF No. 2-2 ¶¶ 3-4. Termination of the MSA is alleged to result in automatic lease termination. ECF No. 6-1 at 29. When the MSA terminated on November 21, 2016, Affordable Care terminated the Lease and gave Coleman notice to vacate. ECF No. 2-2 ¶¶ 7-8; *see also* ECF No. 6-1 at 88. Coleman refused, and Affordable Care filed a Petition for Eviction in state court on

December 2, 2016.  ECF No. 2-2 ¶¶ 9; *see also* ECF No. 6-1 at 92-93.  The parties ultimately entered a stipulation in which Coleman agreed to vacate the property.  ECF No. 6-1 at 118-19.

On November 21, 2017, Coleman filed Civil Action No. 17-13015 in this court against Affordable Care, LLC and Defendants Dr. John A. Faller, DDS and Dr. Robert Starnes, DDS, raising various claims relating to the November 21, 2016, eviction.  EDLA No. 17-13015, ECF No. 1.  Finding a lack of complete diversity, Judge Lemmon dismissed the case.  ECF Nos. 32, 33.

On April 25, 2018, Coleman filed another suit in state court, alleging various claims arising from the eviction, but the state court sustained defendants' exception of prematurity based on the MSA's arbitration clause,[1] referred all contractual-related claims to arbitration, and stayed any claims not eligible for arbitration.  Civil Action No. 19-10707, ECF No. 6-1 at 1-20, 412.  Coleman filed another new state court petition on December 4th, alleging claims for wrongful eviction, breach of contract, violation of the Louisiana Unfair Trade Practices Act ("LUTPA"), adhesion, and Civil RICO.  ECF No. 2-2.  Defendants removed that case to this court on May 24, 2019, where it was transferred to Judge Lemmon.  ECF Nos. 2-1, 5.  Judge Lemmon denied Defendants' Motion to Dismiss, but granted their Motion to Compel Arbitration pursuant to the MSA's arbitration clause, staying the case pending the arbitration.  ECF No. 55.

On February 11, 2022, Movants filed a Motion to Withdraw as counsel for Coleman, which Judge Lemmon granted.  ECF Nos. 56, 57.  On October 26, 2022, Movant Veleka Eskinde file a Notice of Attorney's Charging Lien, citing LA. REV. STAT. § 9:5001.  ECF No. 62.

## II.    <u>PENDING MOTION</u>

Movants Veleka Eskinde and Charles R. Jones now move for attorneys' fees pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure or alternatively for leave to intervene.  ECF

---

[1] ECF No. 6-1 at 59-60.

No. 66.  They argue they are the former counsel of Coleman, and pursuant to a February 24, 2018, contingency-fee agreement between Eskinde and Charles T. Coleman, DDS, they are entitled to a "substantial portion of the total judgment" to compensate for services rendered to Coleman from 2015 to 2021.  *Id.* at 2-4; ECF No. 66-1.  They request attorneys' fees for the Civil RICO and LUPTA claims be calculated as treble damages, and for any recovery from Coleman's other claims, they request 40%.  ECF No. 66 at 6-7.  They alternatively seek to intervene pursuant to Rules 24(a) and (b).  *Id.* at 5-6.

In Opposition, ACI takes no position on the merits of the fee dispute between Coleman and former counsel but argues that the Court not lift the stay because any dispute over attorneys' fees is subject to mandatory arbitration under the contingency fee agreement.  ECF No. 67; *see also* ECF No. 66-1 ¶ 7.  Plaintiff Charles T. Coleman, DMD argues that, because the case is stayed pending arbitration, the Court may not consider Movants' motions unless it lifts the stay.  ECF No. 68 at 2-4.

## III.  <u>APPLICABLE LAW AND ANALYSIS</u>

Movants style this filing as a Motion for Attorneys' Fees Pursuant to Rule 54 and Alternatively, Motion to Intervene Pursuant to Rule 24.  Although a stay suspends litigation on the merits, the court retains jurisdiction over certain matters, including procedural matters.[2]  Indeed, this court has lifted a stay to assess a motion to intervene.[3]

### A.  <u>Motion for Attorney's Fees Pursuant to Rule 54</u>

Rule 54 of the Federal Rules of Civil Procedure provides, in pertinent part, that after entry

---

[2] *See Transportes Caribe, S.A. v. M/V Feder Trader*, 860 F.2d 637, 639 (5th Cir. 1988); *Atl. Fertilizer & Chem. Corp. v. Italmare, S.p.A.*, 117 F.3d 266, 268–69 (5th Cir. 1997); *Romero v. Capstone Logistics, LLC*, No. 23-1142, 2024 WL 3494033, at *2 (E.D. La. May 24, 2024); *Currie v. Baxter, Brown & Co., Inc.*, 145 F.R.D. 66, 68 (S.D. Miss. 1992).
[3] *Parkcrest Builders, LLC v. Housing Auth. of New Orleans*, No. 15-1531, 2019 WL 2210746, at *4 (E.D. La. May 21, 2019).

of judgment, "[a] claim for attorneys' fees and related nontaxable expenses must be made by motion unless the substantive law requires fees to be proved at trial as an element of damages." FED. R. CIV. P. 54(d)(2)(A). Rule 54 is not an avenue to resolve a fee dispute between a lawyer and the client. When a lawyer and client dispute the lawyer's entitlement to fees and/or contractual performance, that dispute must be addressed as a regular proceeding initiated by the filing of a complaint like any other contract dispute.

Because Rule 54 is not an avenue to resolve a fee dispute between a client and his lawyer and Rule 54 requires entry of final judgment, which has not occurred in this matter, Movants' Motion for Attorneys' Fees Under Rule 54 is improper.[4] Thus, that motion is denied.

### B. **Intervention**

Initially, Rule 24(c) requires a movant seeking to intervene to serve their motion in accordance with Rule 5 and "state the grounds for intervention *and be accompanied by a pleading that sets out the claim or defense for which intervention is sought*." FED. R. CIV. P. 24(c). Although Movants indicate that they served their motion, there is no accompanying pleading that sets out the claim/defense they seek to assert in intervention. ECF No. 66 at 5-7. Although courts are divided in their approach to enforcement of Rule 24(c),[5] the Fifth Circuit has taken a lenient approach and does not require the motion be denied for failure to attach the Complaint in Intervention.[6] Movants' non-compliance, however, forces the Court to engage in some level of guesswork in this endeavor. Nevertheless, the Court proceeds to address the intervention request.

---

[4] *See, e.g.*, *Scoots Smashburgers Inc. v. Young*, No. 23-26, 2023 WL 71077119, at *1 (N.D. Tex. Sept. 12, 2023) (finding a motion for fees under Rule 54(d)(2)(B) not appropriate until entry of final judgment); *see also Leipzig v. Principal Life Ins. Co.*, 405 F. App'x 862, 863 (5th Cir. 2010) ("The [Rule 54(d)(2)(B)] motion must 'specify the judgment . . . entitling the movant to the award,' suggesting that an attorney's fee motion would normally be filed after the entry of judgment so that the judgment could be specified.").

[5] *See Liberty Surplus Ins. Cos. v. Slick Willies of Am., Inc.*, No. 07-0706, 2007 WL 2330294, at *1-2 (S.D. Tex. Aug. 15, 2007) (listing cases on each side of the split).

[6] *See DeOtte v. State*, 20 F.4th 1055, 1067 n.2 (5th Cir. 2021) (citing *Int'l Marine Towing Inc. v. S. Leasing Partners, Ltd.*, 722 F.2d 126, 129 (5th Cir. 1983)).

1.  **Intervention of Right**

"Rule 24 is to be liberally construed."[7]  "[T]he inquiry under [Rule 24] (a)(2) is a flexible one, which focuses on the particular facts and circumstances surrounding each application," and "intervention of right must be measured by a practical rather than technical yardstick."[8]  To be entitled to intervene as of right pursuant to Rule 24(a), movants must establish:  (1) they timely applied for intervention; (2) they have an interest relating to the property or transaction that is the subject of the case; (3) disposition of the case may practically impair or impede their ability to protect that interest; and (4) they are inadequately represented by the existing parties.[9]  The movant bears the burden in establishing these elements,[10] and failure to satisfy any one requirement precludes intervention as of right.[11]

a.  Timeliness

In assessing timeliness, the court considers: (1) the length of time during which the intervenor knew or should have known of his interest in the case; (2) the extent of prejudice to the existing parties; (3) the extent of prejudice to the would-be intervenor; and (4) unusual circumstances.[12]  The factor guards against prejudicing the original parties by failure to apply sooner, and federal courts should allow intervention "where no one would be hurt and greater justice could be attained."[13]  Timeliness is not measured in absolute terms but rather is assessed for based on the circumstances.[14]

---

[7] *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014).
[8] *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1202 (5th Cir. 1992) (quoting *United States v. Tex. E. Transmission Corp.*, 923 F.2d 410, 423 (5th Cir. 1991)).
[9] *Adam Joseph Res. v. CNA Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019) (citing FED. R. CIV. P. 24(a); *Sierra Club v. Espy*, 18 F.3d 1202, 1204–05 (5th Cir. 1994)).
[10] *Brumfield*, 749 F.3d at 341.
[11] *Edward v. City of Hous.*, 78 F.3d 983, 999 (5th Cir. 1996).
[12] *CNA Metals*, 919 F.3d at 865 (citation omitted).
[13] *Id.* (quoting *Sierra Club*, 18 F.3d at 1205).
[14] *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016)

Timeliness focuses on "the time lapse between the applicant's receipt of actual or constructive knowledge of his interest in the litigation and the filing of his motion for intervention"; the clock runs "either from the time the applicant knew or reasonably should have known of his interest, or from the time he became aware that his interest would no longer be protected by the existing parties to the lawsuit."[15]  The clock began to run on March 9, 2022, nearly three years ago, when the Movants withdrew as Coleman's counsel.[16]  In assessing this factor, the Court must also consider whether there is any prejudice, both to the parties and the would-be intervenor.[17]  Also relevant is any unusual circumstances,[18] but none is asserted.

Despite this lengthy delay and considering Judge Lemmon stayed this case at the early stages of litigation on May 21, 2021, Movants' delay is not sufficient to preclude intervention.[19]  Moreover, given Movants' limited intervention seeking to recover a portion of any proceeds from the litigation based on a contingency arrangement,[20] there does not appear to be prejudice to the existing parties.[21]  In contrast, denial of intervention seeking to collect attorneys' fees generated by the underlying litigation could prejudice Movants.[22]

---

[15] *Edward*, 78 F.3d at 999 (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264 (5th Cir. 1977).

[16] *See St. Bernard Par. v. Lafarge N. Am., Inc.*, 914 F.3d 969, 974 (5th Cir. 2019) (finding counsel knew he had an interest in the case when he withdrew from a related consolidated action).

[17] *Skinner v. Weslaco Indep. School Dist.*, No. 99-40541, 2000 WL 959531, at *2 (5th Cir. June 7, 2000) (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1073 (5th Cir. 1970)).

[18] *Sierra Club*, 18 F.3d at 1207.

[19] *See Edwards*, 78 F.3d at 1001 (citing cases) ("[T]hat these motions [for intervention] were filed prior to entry of judgment favors timeliness, as most of our case law rejecting petitions for intervention as untimely concern motions filed after judgment was entered in the litigation."); *Wal-Mart Stores*, 834 F.3d at 565-66 (citations omitted) (Because [movant] sought intervention before discovery progressed and because it did not seek to delay or reconsider phases of the litigation that had already concluded the [movant's] motion was timely.").

[20] ECF No. 66 at 6 ("Intervenors have a direct and substantial interest in the attorneys' fees generated . . . . Intervenors' ability to enforce their rights and recover their share of the fees will be impaired if they are not allowed to intervene.").

[21] *Skinner*, 2000 WL 959531, at *2 (quoting *McDonald*, 430 F.2d at 1073).  *But see Lafarge*, 914 F.3d at 975.  The Fifth Circuit found the second timeliness factor neutral where counsel wanted to intervene to stake out a claim for fees because, even though opening a fee dispute does "not necessarily relitigate the underlying case," the distribution of settlement funds would have been held up.  *Id.*  The first circumstance favors intervention here, and the second is inapplicable.

[22] *Skinner*, 2000 WL 959531, at *2 (citing *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 54 (5th Cir. 1970); *Tex. E. Transmission Corp.*, 923 F.2d at 415-16 (noting that prejudice existed in *Gaines* because "discharged firm would have had to initiate a subsequent action to collect the fees allegedly generated in the existing litigation")).

Movants have satisfied the first factor to intervene as of right pursuant to Rule 24(a).

      b.  <u>Interest in the Underlying Litigation</u>

Louisiana confers a special privilege to attorneys to assist in the collection of attorney's fee, whether fixed or contingent, from a judgment and the property recovered by virtue of thereof.[23] To succeed on the claim, however, the attorney must assert the claim by intervention or through other legal proceedings prior to disbursement of the proceeds to a third party.[24]

In *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52 (5th Cir. 1970), the Fifth Circuit recognized that an attorney's contingent fee agreement creates a sufficient "interest relating to the property or transaction that is the subject of the action" for purposes of intervention.[25] In contrast, an attorney seeking to recover an agreed hourly fee does not satisfy the "interest" component.[26] Likewise, an attorney seeking to recover based on quantum meruit lacks an interest in the underlying litigation.[27]

Eskinde filed a Notice of Attorney's Charing Lien under LA. REV. STAT. § 9:5001.[28] That notice provides: "[Coleman] and the Law Office of Veleka Eskinde, LLC, entered into written

---

[23] LA. REV. STAT. § 9:5001. The statute does not require that there be a written contract nor that a written contract or other written evidence be filed or recorded for the privilege to come into existence. *Succession of LaRue*, Nos. 16-1146, 16-1147, 2017 WL 308366, at *9 (La. Ct. App. July 20, 2017) (citing *Roberts v. Hanover Ins. Co.*, 338 So. 2d 158, 160 (La. Ct. App. 1976); *Calk v. Highland Constr. & Mfg.*, 376 So. 2d 495, 500 (La. 1979)). Nonetheless, the Louisiana Rules of Professional Conduct requires that a contingency fee agreement be "in a writing." LA. RULES OF PROFESSIONAL CONDUCT, Rule 1.5(c); *see also In re Calm C's Inc.*, 179 F. App'x 911, 912 (5th Cir. 2006).

[24] *LaRue*, 2017 WL 308366, at *9 (citing *Calk*, 376 So. 2d at 500).

[25] 434 F.2d at 54 (holding that a discharged law firm must be allowed to intervene as of right in a suit to protect its contingent fee interest in any recovery by its former client). *Accord. CNA Metals*, 919 F.3d at 866–67 (citing *Valley Ranch Dev. Co. v. F.D.I.C.*, 960 F.2d 550, 556 (5th Cir. 1992) ("[A] discharged lawyer with a contingent fee agreement does have an 'interest' for purposes of intervention."); *Keith v. St. George Packing Co.*, 806 F.2d 525, 526 (5th Cir. 1986) (attorney entitled to intervene as of right to protect contingent fee interest); *Gilbert v. Johnson*, 601 F.2d 761, 767 (5th Cir. 1979); *Skinner*, 2000 WL 959531, at *1–2 (applying *Gaines* to find that a discharged lawyer who has a contingency fee interest "clearly possesses an interest in the subject of the underlying action" for purposes of Rule 24). .

[26] *Complete Logistical Servs., LLC v. Rulh*, No. 18-3799, 2019 WL 1557965, at *2 (E.D. La. Apr. 10, 2019) (noting distinction between contingency fee and hourly fee arrangements for purposes of establishing an interest in the litigation under Rule 24); *Premiere, Inc. v. Commercial Underwriters Ins. Co.*, No. 02–3199, 2004 WL 32918 (E.D. La. Jan. 5, 2004) (distinguishing between a contingency fee contract, which is a direct, substantial, legally protectable interest in the property or transaction that forms the basis of the controversy, from an hourly fee contract, which is a remote or collateral interest to the main action because it does not depend on the litigation's outcome).

[27] *Sofidiya v. Tex. S. Univ.*, No. 19-2221, 2021 WL 4228896, at *2 (S.D. Tex. Apr. 13, 2021).

[28] ECF No. 62.

engagement agreements pursuant to which Veleka Eskinde agreed to vigorously pursue all viable claims on behalf of [Coleman]."[29] Movants have evidenced a contingency fee agreement between Coleman and Eskinde.[30] Thus, Eskinde appears to establish an interest in this proceeding. The fact that Eskinde's claim may be subject to an arbitration agreement, however, does not preclude the filing. Rather, after filing, the appropriate party may file a motion to compel arbitration of the attorneys' fee dispute in accordance with the Federal Arbitration Act.

Jones, however, is not a party to the contingency agreement, and he has not provided any evidence of any other contingency fee agreement with Coleman to which he is a party. And while Eskinde indicates that Jones "assisted" her in this case,[31] there is no evidence of any fee division agreement between them. According to the Fifth Circuit, "there cannot be a division of contingency fees by lawyers who are not included in a written, client-signed contingency fee contract."[32]

It appears that any claim to fees on behalf of Jones would be limited to recovery on a quantum meruit or some other non-contingent basis.[33] Thus, while Eskinde has satisfied the second factor to intervene as of right, Jones has not.

c.    Impairment and Adequate Representation

The third and fourth factors relate to whether disposition of the case may practically impair or impede movants' ability to protect that interest and whether movants are adequately represented by the existing parties. The Fifth Circuit has recognized that a law firm with a contingency agreement is "so situated that the final disposition of the action may as a practical matter impair

---

[29] *Id.* ¶ 4.
[30] ECF No. 66-1.
[31] ECF No. 66 at 1 n.1.
[32] *In re Calm C's Inc.*, 179 F. App'x 911, 913 (5th Cir. 2006).
[33] *Id.*

or impede its ability to protect that interest,"[34] and no party is interested in protecting a former attorney's interests in pending litigation.[35]  No one addresses these factors or cites any authority to support the notion that an existing party adequately represents former counsel with a contingency fee claim.

### 2.  Permissive Intervention

Given that Jones is not entitled to intervene as of right, the Court must determine whether permissive intervention is proper.  Federal Rule of Civil Procedure 24(b) governs permissive intervention and provides in pertinent part:

> (1) On timely motion, the court may permit anyone to intervene who:
>     (A) is given a conditional right to intervene by a federal statute; or
>     (B) has a claim or defense that shares with the main action a common question of law or fact.

In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.  FED. R. CIV. P. 24(b)(3).

In the Fifth Circuit, courts use a two-step process to determine whether to grant permissive intervention.[36]  First, the Court must determine, as a matter of law, whether the movant's "claim or defense and the main action have a question of law or fact in common."[37]  Thereafter, the Court must exercise its discretion to determine if permissive intervention should be allowed.[38]  "Permissive intervention 'is wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied.'"[39]

---

[34] *Skinner*, 2000 WL 959531, *1 (citation omitted).

[35] *See, e.g.*, *Keith*, 806 F.2d at 526 ("[N]either party to the pending action is interested in representing [the attorney's] interests."); *Gaines*, 434 F.2d at 54 (same).

[36] *Stallworth*, 558 F.2d at 269.

[37] *Id.*; *Mac Sales Inc. v. E.I. Dupont de Nemours*, No. 89-4571, 1995 WL 581790, at *4 (E.D. La. Sept. 29, 1995).

[38] *Mac Sales*, 1995 WL 581790, at *4; *see New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir. 1984).

[39] *New Orleans Pub. Serv.*, 732 F.2d at 471 (quotation omitted).

Jones does not assert a claim that has common questions of law or fact with the main claim. Rather, any claim Jones would bring for attorneys' fees would be limited to recovery of fees on a non-contingent basis, whether some agreed hourly rate or quantum meruit. Thus, permissive intervention is improper.[40]

IV.     **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that the stay is temporarily lifted for the limited purpose of addressing this Motion.

IT IS FURTHER ORDERED that Motion for Attorneys' Fees Pursuant to Rule 54 is DENIED.

IT IS FURTHER ORDERED that the Motion to Intervene as to Eskinde is GRANTED and Eskinde is granted leave to file, within 21 days, a Complaint in Intervention as to any contingency fees allegedly owed from her services in connection with the underlying dispute.

IT IS FURTHER ORDERED that the Motion to Intervene as to Jones is DENIED.

New Orleans, Louisiana, this 21st February, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[40] *Complete Logistical Servs.*, 2019 WL 1557965, at *3-4 (concluding that former attorney seeking to intervene to recover hourly fees shares no common issues of law and fact with underlying litigation); *Premiere*, 2004 WL 32918, at *4 (finding that "determination of these issues are separate and distinct . . . regardless of the outcome of the instant matter, [the former attorney] will make her claim for [hourly] fees for the work she performed."); *Sofidiya*, 2021 WL 4228896, at *3 (finding permissive intervention not appropriate because quantum meruit claim did not share a common question of law or fact with Plaintiff's gender discrimination claims).