UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHARLES T. COLEMAN, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 19-10707 |
| AFFORDABLE HEALTH CARE, LLC, ET AL. | * | SECTION "S" (2) |

## ORDER AND REASONS

Pending before me is Intervenor Veleka Eskinde's Motion for Declaratory Judgment on her right to attorneys' fees. ECF No. 76. Plaintiffs Charles T. Coleman and Charles T. Coleman, DMD, timely filed an Opposition memorandum. ECF No. 79. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Intervenor Veleka Eskinde's Motion for Declaratory Judgment is DENIED as for the reasons herein.

I.  **BACKGROUND**

On December 4, 2018, Plaintiffs Charles T. Coleman and Charles T. Coleman, DMD (collectively, "Coleman") filed a suit against Defendants ACI Group Holdings, Inc., Affordable Care, LLC, John A. Faller, John A. Faller, DDS (the "Defendants"), and various others in state court, alleging claims for wrongful eviction, breach of contract, violation of the Louisiana Unfair Trade Practices Act ("LUTPA"), adhesion, and Civil RICO. ECF No. 2-2. ACI removed the case to this court on May 28, 2019, where it was transferred to Judge Lemmon. ECF Nos. 2, 5. Judge Lemmon denied Defendants' Motion to Dismiss; however, she granted their Motion to Compel Arbitration pursuant to the arbitration clause in a Management Services Agreement that Coleman and Affordable Care entered into in 2013 and stayed the case pursuant to § 3 of the Federal Arbitration Act ("FAA"). ECF No. 55; *see also* ECF No. 46.

1

On February 11, 2022, Coleman's counsel Veleka Eskinde and Charles R. Jones filed a Motion to Withdraw, which Judge Lemmon granted. ECF Nos. 56, 57. Nearly three years later, on January 11, 2025, Eskinde and Jones filed a Motion for Attorneys' Fees or, alternatively, to Intervene. ECF No. 66. The Court "temporarily lifted [the stay] for the limited purpose of addressing" their motion. ECF No. 69 at 10. The Court denied the Motion for Attorneys' Fees but granted the Motion to Intervene as to Eskinde but not Jones. *Id.* Eskinde filed her complaint in intervention on March 17, 2025. ECF No. 70. No party has moved to lift the § 3 stay.

## II.    PENDING MOTION

Eskinde filed this Motion for Declaratory Judgment, seeking recognition of her right to attorneys' fees based on the contingency fee agreement that she and Coleman entered. ECF No. 76 at 2; *see* ECF No. 66-1. She argues she has a valid enforceable fee agreement with Coleman and consequently has an equitable interest in this matter, and she notes she has spent substantial time and resources in pursuit of Coleman's claims. ECF No. 76 at 3-4.

In Opposition, Coleman argues the motion is procedurally deficient. Coleman argues the motion effectively is a motion for summary judgment as it would resolve Eskinde's dispute with him; consequently, the motion is deficient because it fails to comply with Local Rule 56.1 by not being accompanied with a statement of undisputed material facts as well as Rule 56(c) by not being accompanied with a memorandum of law describing the evidence, legal standards, and record citations that support her motion. ECF No. 79 at 3. Coleman argues the motion is deficient also because it seeks relief not pled in Eskinde's complaint; it is premature as the parties have not completed discovery; and it violates Judge Lemmon's May 21, 2021, Order staying the matter. *Id.* at 3-4. Coleman then argues the motion is meritless because Eskinde did not substantially

2

complete her representation of him in the matter, and she has provided no evidence to support a claim of quantum meruit. *Id.* at 4-5.

## III. APPLICABLE LAW AND ANALYSIS

Under § 3 of the FAA, "if a claim in a lawsuit is 'referrable to arbitration under an [arbitration] agreement,' the district court 'shall on application of one of the parties stay the trial of the action' pending arbitration."[1] The court is required to "stay [the] legal proceedings" of the case whenever the issues are within the arbitration agreement's reach,[2] because "[b]y its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandate that district court *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."[3]  After compelling arbitration, however, the court "remains empowered 'to manage its proceedings, vindicate its authority, and effectuate its decrees.'"[4] Thus, while a stay of a case suspends litigation on the merits, the court retains jurisdiction over certain matters, including procedural matters.[5]

Eskinde misunderstands the Court's February 24, 2025, Order. The Court "temporarily lifted" the stay Judge Lemmon ordered pursuant to § 3 "for the limited purpose" of addressing the Motion for Attorneys' Fees/to Intervene she and Jones filed because it had the jurisdiction to address whether she can intervene as that is a procedural issue. ECF No. 69 at 10.[6] Eskinde's

---

[1] *Cure & Assocs., P.C. v. LPL Fin. LLC*, , 671 (5th Cir. 2024) (quoting 9 U.S.C. § 3; and citing *In re Hornbeck Offshore (1984) Corp.*, 981 F.2d 752, 754 (5th Cir. 1993)).
[2] *In re Hornbeck Offshore*, 981 F.2d at 754; *accord. IDS Life Ins. Co. v. SunAmerica, Inc.*, 103 F.3d 524, 528 (7th Cir. 1996) (Posner, C.J.) ("The statute actually speaks of a stay of 'the trial,' but the parties rightfully agree that pretrial proceedings are included as well . . . ." (citing cases)).
[3] *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).
[4] *Romero v. Capstone Logistics, LLC*, No. 23-1142, 2024 WL 3494033, at *2 (E.D. La. May 24, 2024) (Morgan, J.) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994)).
[5] *See Transportes Caribe, S.A. v. M/V Feder Trader*, 860 F.2d 637, 639 (5th Cir. 1988); *Atl. Fertilizer & Chem. Corp. v. Italmare, S.p.A.*, 117 F.3d 266, 268–69 (5th Cir. 1997); *Romero*, 2024 WL 3494033, at *2; *Currie v. Baxter, Brown & Co., Inc.*, 145 F.R.D. 66, 68 (S.D. Miss. 1992).
[6] *Parkcrest Builders, LLC v. Housing Auth. of New Orleans*, No. 15-1531, 2019 WL 2210746, at *4 (E.D. La. May 21, 2019) (Brown, C.J.) (lifting § 3 stay "for the limited purpose of addressing [movant's] motion to intervene . . . .").

"Motion for Declaratory Judgment" pursuant to 28 U.S.C. § 2201[7] is effectively a summary judgment motion[8] seeking substantive relief. The Court cannot address her motion while the § 3 stay remains in effect. In light of this ruling, the Court need not address Defendant's arguments in further Opposition to the motion.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Intervenor Veleka Eskinde's Motion for Declaratory Judgment (ECF No. 76) is **DENIED AS PREMATURE.**

New Orleans, Louisiana, this   21st   day of May, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[7] ECF No. 76 at 1.
[8] *Sec. & Exch. Comm'n v. Novinger*, 96 F.4th 774, 781 (5th Cir. 2024) ("The [Declaratory Judgment Act] does not create a new type of 'motion' . . . . In most DJA actions, the party seeking declaratory judgment usually files a motion asking explicitly for that relief, but the court construes it as a motion for summary judgment." (citation omitted)).